# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 8, 2013

## JOSEPH SHAW v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-11-313      David G. Hayes, Judge**

---

**No. W2012-00630-CCA-R3-PC  - Filed April 4, 2013**

---

The Petitioner, Joseph Shaw, appeals as of right from the Madison County Circuit Court's denial of his petition for post-conviction relief.  The Petitioner contends (1) that he received ineffective assistance from his trial counsel because trial counsel failed to challenge a juror who was previously acquainted with the Petitioner; (2) that trial counsel was ineffective for failing to call several witnesses to testify as to the Petitioner's character; and (3) that the Petitioner was denied his right to trial by a fair and impartial jury.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Joseph Shaw.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Smith, Associate Deputy Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

Following a jury trial, the Petitioner was convicted of one count of rape and sentenced to eleven years to be served at 100%.  See State v. Joseph Shaw, Jr., No. W2009-02326-CCA-R3-CD, 2010 WL 3384988 (Tenn. Crim. App. Aug. 27, 2010), perm. app. denied, (Tenn. Jan. 13, 2011).  The Petitioner's conviction arose from his August 30, 2008 attack on his girlfriend's thirteen-year-old daughter.  The Petitioner, at the victim's mother's request,

brought some food for the victim to her apartment and was alone with the victim when he attacked her, "grabbing her breasts and buttocks and penetrating her labia with his fingers." Id. at *1. At trial, the Petitioner testified that it was the victim who attacked him after he told her that R&B singer Chris Brown would never date "a fat big juju" like her. Id. at *3. The Petitioner denied penetrating the victim's vagina and claimed that any touching of the victim's breasts or buttocks was unintentional. Id. at *4. The victim rebutted the Petitioner's claims, denying that she had attacked the Petitioner. Id. On direct appeal, this court affirmed the Petitioner's conviction and sentence. Id. at *1. Our supreme court declined to review this court's opinion.

The Petitioner filed a timely petition for post-conviction relief. At the post-conviction hearing, the Petitioner testified that during voir dire, he recognized one of the potential jurors, Tony Brooks. According to the Petitioner, he went to high school with Mr. Brooks and later worked at a factory with Mr. Brooks sometime in the mid-1970s. The Petitioner testified that he and Mr. Brooks were not friends but that they "just kind of [knew] one another." The Petitioner further claimed that he and Mr. Brooks had "a liking for the same young lady" when they worked together and that he believed that caused Mr. Brooks to be biased against him. The Petitioner testified that he told trial counsel that Mr. Brooks had lied about knowing him but that trial counsel failed to "call [Mr. Brooks] out." Mr. Brooks was eventually selected as a juror and served as foreman of the jury. The Petitioner also testified that trial counsel failed to investigate and call several witnesses that the Petitioner wanted to testify about his character and "stuff [of] that nature." These witnesses included his neighbors Harry and Georgia Jenkins, his sister Betty Shaw, and his "lady friend" Patricia Mercer. However, the Petitioner testified that he never asked trial counsel to call the witnesses or gave trial counsel their names.

Mr. Brooks testified that he served as jury foreman at the Petitioner's trial. Mr. Brooks testified that he went to the same high school as the Petitioner but that he did not recall being in the same class with the Petitioner. Mr. Brooks also testified that he worked at the same factory as the Petitioner but that he did not recall working with the Petitioner. Mr. Brooks also did not recall dating the woman that the Petitioner claimed they competed over. Mr. Brooks testified that when asked during voir dire if he knew the Petitioner, he stated that he did not because he genuinely did not recognize the Petitioner or recall knowing him. Mr. Brooks testified that it had been almost forty years since he was in high school and had worked at that particular factory, so any memories he had from back then were "very vague." Mr. Brooks further testified that his verdict was based upon the evidence at trial and not "on whether or not [he] knew [the Petitioner]."

The Petitioner's brother, Otis Shaw, testified that prior to the post-conviction hearing, Mr. Brooks approached him, asked him how he was doing, and shook his hand. Mr. Shaw

testified that he grew up with Mr. Brooks and that Mr. Brooks knew his "whole family," including the Petitioner. Mr. Brooks did admit that he had "seen [Mr. Shaw] before" but that he did not know him well enough to know his name. Mr. Brooks admitted that prior to the post-conviction hearing he said, "Hey, there," and shook Mr. Shaw's hand but testified that he would "greet [anybody] the same" way. Mr. Shaw testified that he did not know of any reason why Mr. Brooks would be biased against the Petitioner.

Georgia Jenkins testified that she was the Petitioner's neighbor and that she would have testified at trial that he was "not violent at all." According to Ms. Jenkins, no one ever interviewed her about the Petitioner nor was she called to testify at trial. However, Ms. Jenkins admitted that the Petitioner never asked her to contact his attorney or talked to her about testifying on his behalf. The Petitioner's sister, Betty Shaw, also testified that she would have testified at trial that she had never known the Petitioner to be violent towards women, but no one ever asked her to testify on the Petitioner's behalf. However, Ms. Shaw admitted that the Petitioner never asked her to testify and that she never tried to contact trial counsel.

Trial counsel testified that during voir dire, the Petitioner "indicated that he believed he knew Mr. Brooks and that Mr. Brooks should have known him." Trial counsel asked the Petitioner if "he had any hard feelings towards Mr. Brooks," and the Petitioner said no. Trial counsel also asked the Petitioner "if he wanted [trial counsel] to excuse Mr. Brooks and he said no." Trial counsel further testified that he sent the Petitioner a letter requesting the names of any witnesses that he should speak to. According to trial counsel, the Petitioner never provided him the names of Mr. and Ms. Jenkins, Ms. Shaw, or Ms. Mercer.

Following the hearing, the post-conviction court denied the Petitioner post-conviction relief. In its written order, the post-conviction court accredited Mr. Brooks's testimony that he had no bias against the Petitioner because he did not remember him. The post-conviction court also accredited trial counsel's testimony that the Petitioner said no when he was asked if he wanted Mr. Brooks removed from the jury. As such, the post-conviction court concluded that the issue was without merit. With respect to the Petitioner's claim that trial counsel failed to call several character witnesses, the post-conviction court noted that the Petitioner admitted that he never requested trial counsel to subpoena any of the witnesses. The post-conviction court also noted that the Petitioner had a prior criminal history which would not have supported his assertion of a good character. Accordingly, the post-conviction court denied relief on this issue.

## ANALYSIS

The Petitioner contends that the post-conviction court erred by denying him post-conviction relief.[1] The Petitioner argues that trial counsel was ineffective for allowing Mr. Brooks to remain on the jury despite the Petitioner's statement that they knew each other. The Petitioner also argues that trial counsel was ineffective for failing to call several character witnesses to testify at trial that the Petitioner was not violent. The Petitioner further argues that he was denied his right to trial by a fair and impartial jury because Mr. Brooks was biased against him. The State responds that the Petitioner told his counsel that he did not want Mr. Brooks removed from the jury and Mr. Brooks testified that he did not recall the Petitioner or have any reason to be biased against him. The State further responds that trial counsel cannot be faulted for failing to call witnesses the Petitioner never informed him of. With respect to the Petitioner's claim that he was denied a fair and impartial jury, the State responds that the Petitioner has waived this issue by failing to raise it on direct appeal.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, there is a reasonable probability that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

---

[1] The Petitioner raised other issues in his petition for post-conviction relief. The post-conviction court denied post-conviction relief on these claims as well. The Petitioner has waived appellate review of these issues by not raising them in his brief. See Tenn. R. App. P. 13(b).

The Petitioner has failed to establish by clear and convincing evidence that trial counsel's performance was deficient. Mr. Brooks testified that, while he went to the same high school as the Petitioner and had worked at the same factory as the Petitioner, he did not recall the Petitioner and genuinely believed that he did not know the Petitioner when asked at voir dire. Additionally, Mr. Brooks testified that he had no reason to be biased against the Petitioner and that his verdict was based solely upon the evidence presented at trial. Furthermore, trial counsel testified that, when asked, the Petitioner said that he did not want Mr. Brooks removed from the jury and that there were no "hard feelings" between the two. With respect to the Petitioner's claim that trial counsel failed to subpoena several character witnesses to testify at trial, the Petitioner admitted that he never provided the names of the witnesses to trial counsel. Trial counsel testified that he sent the Petitioner a letter requesting the names of any witnesses the Petitioner wanted subpoenaed. Trial counsel cannot be faulted for failing to call these character witnesses when the Petitioner never asked him to. Accordingly, we affirm the post-conviction court's denial of post-conviction relief.

Tennessee Code Annotated section 40-30-106(g) provides that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Here, the Petitioner testified that he was aware at trial that he knew Mr. Brooks and that he believed Mr. Brooks to be biased against him. The Petitioner failed to raise this issue in his motion for new trial and on direct appeal to this court. Accordingly, we conclude that the Petitioner has waived post-conviction review of his claim that he was denied his right to trial by a fair and impartial jury.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE